IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE L. FERNANDEZ,

    Plaintiff,                                 CIV. NO. S- 10-3442 GEB GGH PS

    vs.

LOS RIOS COMMUNITY COLLEGE DISTRICT,

    Defendant.                             FINDINGS & RECOMMENDATIONS

/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). This action was filed on December 23, 2010. In the order requiring joint status report, filed December 27, 2010, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendant filed a motion to dismiss and motion to strike on May 9, 2011, to which plaintiff did not respond. By order filed July 8, 2011, the hearing on the motion was vacated due to plaintiff's failure to file an opposition and the motions were taken under submission. On July 13, 2011, plaintiff filed a request for extension of time in which to file an opposition which was granted by order of July 18, 2011. Plaintiff was ordered to file and serve his oppositions within twenty-one days of that order. Plaintiff did not respond to the order giving him a second opportunity to oppose the motions, and did not file oppositions to the motions.

1    Although the court liberally construes the pleadings of pro se litigants, they are
2    required to adhere to the rules of court.  As set forth in the district court's order requiring status
3    report, failure to obey local rules may not only result in dismissal of the action, but "no party will
4    be entitled to be heard in opposition to a motion at oral arguments if opposition has not been
5    timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the
6    Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions
7    authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110;
8    see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se
9    litigants).

10   "Failure to follow a district court's local rules is a proper ground for dismissal."
11   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's
12   interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the
13   risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
14   merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize
15   dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash
16   R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).
17   Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction
18   of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
19   (setting forth same factors for consideration as Ghazali).

20   The court has considered the factors set forth in Ghazali.  "[T]he key factors are
21   prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th
22   Cir.1990).  Defendant is clearly prejudiced by the requirement of defending an abandoned case,
23   and this court is put in the untenable position of expending limited judicial resources to decide
24   such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's
25   need to manage its docket, and the unsuitability of a less drastic sanction, direct that defendant be
26   dismissed.

1  Furthermore, the court has considered the motions and finds that they have merit.

2  Accordingly, IT IS RECOMMENDED that defendant Los Rios Community

3  College District be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4  These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

6  fourteen (14) days after being served with these findings and recommendations, any party may

7  file written objections with the court and serve a copy on all parties.  Such a document should be

8  captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

9  objections shall be served and filed within fourteen (14) days after service of the objections.  The

10 parties are advised that failure to file objections within the specified time may waive the right to

11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: September 26, 2011

13  /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

14 GGH:076/Fernandez3442.41.wpd